**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSE ALVAREZ                                )<br>1201 S. Courthouse Rd., Apt. 409   )<br>Arlington, VA  22204                      )<br>                                                      )<br>JUAN JOSE ALVAREZ                 )<br>1201 S. Courthouse Rd., Apt. 409   )<br>Arlington, VA  22204                      )<br>                                                      )<br>     Plaintiffs, on behalf of themselves   )<br>     and all similarly situated individuals )<br>                                                      )<br>v.                                                    )<br>                                                      )<br>KEYSTONE PLUS                          )<br>CONSTRUCTION CORPORATION )<br>1600 K St., NW, Ste. 350                 )<br>Washington, DC  20006                   )<br>                                                      )<br>CARLOS PERDOMO                    )<br>4407 Greenwich Pkwy., NW          )<br>Washington, DC  20007                   )<br>                                                      )<br>     Defendants.                                )<br>_____ ) | Civil Action No. _____ |

**CLASS ACTION AND COLLECTIVE ACTION COMPLAINT**
**FOR UNPAID WAGES**

**INTRODUCTION**

1.      Plaintiffs bring this action on behalf of themselves and all similarly situated individuals for damages resulting from Defendants' willful failure to pay Plaintiffs their wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301, *et seq*.

2.      Plaintiffs bring their FLSA and DCMWA claims as "collective actions," and their DCWPCL claim as a class action under Rule 23 of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 29 U.S.C. § 216(b) (FLSA jurisdiction); and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because one or more Defendants resides in this district and a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in this district.

## PARTIES

5. Plaintiffs are adult residents of the District of Columbia.

6. Defendant The Keystone Plus Construction Corporation ("Keystone") is a District of Columbia corporation that regularly conducts business in the District of Columbia. Keystone maintains its principal office at: 1600 K St., NW, Ste. 350; Washington, DC 20006. Keystone's resident agent for service of process is: National Registered Agents Inc.; 1090 Vermont Avenue NW, Suite 910; Washington, DC 20005.

7. Defendant Carlos Perdomo is an adult resident of the District of Columbia. He is an owner, agent, or principal of Keystone who exercises control of Keystone.

8. At all times relevant to this action, Defendants were 'employer[s]' within the meaning of 29 U.S.C. § 203(d), D.C. Code § 32-1002(3), and D.C. Code § 32-1301(1).

9. At all times relevant to this action, Plaintiffs and other similarly situated individuals were employed by Defendants within the meaning of 29 U.S.C. § 203(g), D.C. Code § 32-1002(1), and § 32-1301(2).

10. At all times relevant to this action, Defendants were joint employers of Plaintiffs and other similarly situated individuals within the meaning of 29 C.F.R. § 791.2.

11. At all times relevant to this action, Defendants have been construction enterprises engaged in interstate commerce.

12. On information and belief, Defendants' annual gross volume of business exceeds $500,000.

## FACTUAL ALLEGATIONS

13. Defendants employed Plaintiffs from approximately June 2012 to September 2012 to perform construction work at various sites in the District of Columbia.

14. Defendants employed Plaintiff Juan Jose Alvarez to work as a painter at a promised wage of $25.00 per hour.

15. Defendants employed Plaintiff Jose Alvarez to work as a general laborer at a promised wage of $12.50 per hour.

16. Plaintiffs regularly worked more than forty hours per week for Defendants ("overtime hours").

17. Plaintiffs were paid weekly by Defendants with a check accompanied by a paystub.

18. These paystubs indicated that Plaintiffs did not work any overtime hours.

19. These paystubs did not purport to document any compensation for overtime hours worked.

20. For weeks in which the Plaintiffs worked overtime hours, an entry for "Tools" would appear on Plaintiffs' paystubs.

21. These paystubs described Plaintiffs' actual overtime hours worked as units of "Tools" — with the same unit cost as the Plaintiffs' respective regular wages. So, for example, ten overtime hours worked by a worker whose regular promised wage is $25 per hour would appear on a paystub as ten or less units of "Tools" that cost $25 per hour.

22. Plaintiffs did not purchase any tools for the Defendants, nor do they know why payment for "Tools" would appear on their paystubs.

23. Plaintiffs did not receive one and one-half times their regular rate for hours worked in excess of forty in any one workweek.

24. On information and belief, at least 40 other employees of Defendants were compensated as described in Paragraphs 17–23.

25. The exact amount of wages owed to Plaintiffs, and other similarly situated past and present employees of Defendants, will only be known through discovery.

26. Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiffs, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008.

27. Defendants failed to post notices summarizing the FLSA and the DCMWA, as required by 29 C.F.R. § 516.4 and D.C. Code § 32-1009.

28. On information and belief, Defendants were and are aware that the FLSA and the DCWHL required Defendants to pay employees one and one-half time the regular promised wage for all hours worked in excess of 40 hours in any one work week.

29. On information and belief, Defendants were and are aware of their obligations to promptly pay all wages earned pursuant to the DCWPCL.

30. At all times relevant to this action, Defendants had the power to hire and fire Plaintiffs. For example, Defendant Carlos Perdomo personally threatened to fire Plaintiff Jose Alvarez on several occasions while Mr. Alvarez was performing work on the Lewis K. Downing Building, Howard University, Washington, DC.

31. At all times relevant to this action, Defendants had the power to supervise and control Plaintiffs' work. Defendant Carlos Perdomo was frequently on the job site while Plaintiffs were

working. Mr. Perdomo ordered Plaintiffs to complete various specific tasks, and directed the manner in which those tasks were performed.

32. At all times relevant to this action, Defendants had the power to determine Plaintiffs' schedule. For example, Defendant Carlos Perdomo personally told the workers when they could leave a certain work site.

33. At all times relevant to this action, Defendants had the power to determine Plaintiffs' rates of pay. On information and belief, Defendant Perdomo personally controlled Plaintiffs' rates of pay.

34. At all times relevant to this action, Defendants had the power to determine the method by which Plaintiffs were paid.

35. At all times relevant to this action, Plaintiffs worked at premises controlled by Defendants, using equipment provided by the Defendants.

## COLLECTIVE ACTION UNDER THE FLSA AND DCMWA

36. This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. §216(b) and the DCMWA, D.C. Code § 32-1012.

37. Plaintiffs bring their FLSA and DCMWA claims on their own behalf, and on behalf of: all past and present non-exempt employees of Defendants who have not been paid one and one-half their regular rate of pay for those hours worked in excess of forty in any one workweek.

38. On information and belief, there are more than 40 past and present non-exempt employees of Defendants who are similarly situated to Plaintiffs in that they were not paid properly for overtime hours.

39. Pursuant to 29 U.S.C. § 216(b), Plaintiffs have consented in writing to be plaintiffs in this action. Their consent forms are attached as Exhibits 4 and 5 to this Complaint.

## CLASS ACTION UNDER THE DCWPCL

40. This action is maintainable as an "opt-out" class action pursuant to D.C. Code § 32-1308 and Federal Rule of Civil Procedure 23.

41. Plaintiffs bring their DCWPL claims on their own behalf, and on behalf of: all past and present non-exempt employees of Defendants who (1) were not paid all wages earned at least twice during each calendar month on regular paydays, and/or who (2) were not paid all wages earned within 7 days after resignation or termination.

42. On information and belief, there are more than 40 past and present employees of Defendants who are similarly situated to Plaintiffs in that they were not paid all wages earned at least twice a month on regular paydays — and/or within 7 days of their resignation or termination.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

43. Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

44. Plaintiffs, and other similarly situated past and present employees of Defendants, are "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

45. Plaintiffs, and other similarly situated past and present employees of Defendants, are "non-exempt" employees within the meaning of the FLSA, 29 U.S.C. § 213.

46. Defendants are "employers" of the within the meaning of the FLSA, 29 U.S.C. § 203(d).

47. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week. 29 U.S.C. § 207(a)(1).

48. Defendants violated the FLSA by knowingly failing to pay Plaintiffs, and other similarly situated past and present employees of Defendants, one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

49. Defendants' violations of the FLSA were willful.

50. For their violations of the FLSA, Defendants are liable to Plaintiffs, and other similarly situated past and present employees of Defendants, for unpaid overtime compensation, plus an equal amount as liquidated damages, plus court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

51. Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

52. Plaintiffs, and other similarly situated past and present employees of Defendants, are "employees" within the meaning of the DCMWA, D.C. Code § 32-1002(2).

53. Plaintiffs, and other similarly situated past and present employees of Defendants, are "non-exempt" employees within the meaning of the DCMWA, D.C. Code § 32-1004.

54. Defendants are "employers" within the meaning of the DCMWA, D.C. Code § 32-1002(3).

55. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rates for hours worked in excess of 40 hours in any one work week. D.C. Code § 32-1003(c).

56. Defendants violated the DCMWA by knowingly failing to pay Plaintiffs, and other similarly situated past and present employees of Defendants, one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

57. Defendants' violations of the DCMWA were willful.

58.     For their violations of the DCMWA, Defendants are liable to Plaintiffs, and other similarly situated past and present employees of Defendants, for unpaid overtime compensation, plus an equal amount as liquidated damages, plus court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

**COUNT III**

**FAILURE TO PAY WAGES UNDER THE DCWPCL**

59.     Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

60.     Plaintiffs, and other similarly situated past and present employees of Defendants, are covered "employees" within the meaning of the DCWPCL, D.C. Code § 32-1301(2).

61.     Defendants are "employers" within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

62.     The DCWPCL provides that "Every employer shall pay all wages earned to his employees at least twice during each calendar month on regular paydays…" D.C. Code § 32-1302.

63.     The DCWPCL provides that "Whenever an employer discharges an employee, the employer shall pay the employee's wages earned not later than the working day following the discharge[.]" D.C. Code § 32-1303(1).

64.     The DCWPL provides that "Whenever an employee (not having a written contract of employment for a period in excess of 30 days) quits or resigns, the employer shall pay the employee's wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier." D.C. Code § 32-1303(2).

65.     Plaintiffs and other similarly situated past and present employees of Defendants did not have written employment contracts.

66. Defendants violated the DCWPCL by knowingly failing to pay Plaintiffs, and other similarly situated past and present employees of Defendants, all wages earned on a timely basis, or promptly after resignation or termination.

67. Defendants' violations of the DCWPCL were willful.

68. For their violations of the DCWPCL, Defendants are liable to Plaintiffs, and other similarly situated past and present employees of Defendants, for unpaid wages, plus an equal amount as liquidated damages, plus court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, and other similarly situated past and present employees of Defendants, respectfully request that this Court enter judgment against all Defendants, jointly and severally, in Plaintiffs' favor on all counts, and grant the following relief:

a. Award each Plaintiff, and other similarly situated past and present employees of Defendants, unpaid minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to 29 U.S.C. § 216;

b. Award each Plaintiff, and other similarly situated past and present employees of Defendants, unpaid minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to D.C. Code § 32-1012;

c. Award each Plaintiff, and other similarly situated past and present employees of Defendants, unpaid wages earned, plus an equal amount as liquidated damages, pursuant to D.C. Code § 32-1308;

d. Award each Plaintiff, and other similarly situated past and present employees of Defendants, prejudgment interest on all amounts owed;

    e.       Award the Plaintiffs costs and attorneys' fees incurred in the prosecution of this action; and

    f.       Award any additional relief the Court deems just.


Date: 04/29/2013                                                    Respectfully Submitted,

<u>/s/ Justin Zelikovitz</u>
Justin Zelikovitz, #MD17567
D.C. Employment Justice Center
1413 K Street, NW, 5th Floor
Washington, DC 20005
Phone: (202) 645-6356
Fax: (202) 828-9190
jz@dcejc.org