IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE ALVAREZ, et al. )<br>)<br>Plaintiffs, on behalf of themselves )<br>and all similarly situated individuals, )<br>)<br>v. )<br>)<br>KEYSTONE PLUS CONSTRUCTION )<br>CORPORATION, et al., )<br>)<br>Defendants. )<br>_____ ) | 1:13-cv-00602 (KBJ) |

## ORDER CERTIFYING SETTLEMENT CLASS AND PRELIMINARILY APPROVING SETTLEMENT

Upon consideration of the parties' Joint Motion for Preliminary Approval of Settlement, the attachments thereto, and the entire record herein, it is, this 23rd day of December, 2013, hereby ORDERED as follows:

### Preliminary Approval of Settlement and Certification of Settlement Class

1. The Court finds that it has jurisdiction over this action.

2. The Court preliminarily approves the terms of the settlement agreement ("Settlement"), subject to further consideration at the fairness hearing described below. The Court preliminarily finds that the Settlement was reached after arms' length negotiations between the parties, and that the Settlement is adequate, fair, and sufficiently within the range of reasonableness so that notice of the Settlement should be sent as described below. With regard to the named plaintiffs' claims under the District of Columbia Wage Payment and Collection Law, the Fair Labor

Standards Act, and the District of Columbia Minimum Wage Act Revision Act, the Court finds that the Settlement is fair and reasonable.

3. The Court finds that the proposed class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims or defenses of the representative parties are typical of the claims or defenses of the class, and that the representative parties will fairly and adequately protect the interests of the class.

4. The Court finds that questions of law and fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. Accordingly, the Court certifies a class for the purpose of effectuating the Settlement reached between the parties regarding failure to pay wages under the District of Columbia Wage Payment and Collection Law. The class shall consist of: **all non-exempt employees who worked more than forty hours in a workweek on the defendants' "LK Downing" Project between June 1, 2012 and October 30, 2012.**

5. The Court appoints the following attorney as class counsel: Justin Zelikovitz; The Law Office of Justin Zelikovitz, PLLC; 409 U Street Northwest; Washington, DC 20001.

### Notice to Potential Class Members

6. The Notice of Class Action Lawsuit and Proposed Settlement attached as Exhibit B to the parties' motion is hereby approved and shall be sent by first class mail to the last known address of all potential class members within ten days after this order is issued.

7. Any class member who wishes to opt in to the plaintiffs' collective action claims shall mail an opt-in form to class counsel so that is received by class counsel no later than forty days after this order is issued.

8. Any member of the class who wishes to object to or comment on the settlement shall file their written comments with the Clerk no later than 40 days after this order is issued. They shall also serve class counsel and defendants' counsel with a copy of their comments via first-class mail.

9. Any member of the class who wishes to be excluded from the class shall mail a written request for exclusion to class counsel so that is received by class counsel no later than forty days after this order is issued.

10. Within fifty days after this order is issued, class counsel shall file a sworn statement listing all persons who have mailed notices consistent with paragraphs 7, 8, and 9 of this order.

11. Any class member who submits a valid and timely notice of exclusion, and who does not submit a valid and timely opt-in form, shall not be bound by the Settlement, shall not be entitled to share in the benefits of the Settlement, and shall not be bound by the Court's final disposition of this case.

12. Any class member who does not submit a valid and timely notice of exclusion shall be included in the class, and shall be bound by all the terms and provisions of the Settlement, whether or not such class member objected to the Settlement, received actual notice, or participated in the Settlement.

13. Within sixty days after this order is issued, the parties shall file any written response to any class member's objection to the settlement.

## Fairness Hearing

14. A fairness hearing shall be held by this court on Tuesday, March 18, 2014, at 10:30 AM in Courtroom 17 at the United States District Court for the District of Columbia, 333 Constitution

Avenue Northwest, Washington, DC 20001. At this hearing, the Court shall consider the fairness, reasonableness, and adequacy of the Settlement.

15. The Court may continue the date of the fairness hearing without further notice to the class, and may approve the Settlement, with such modifications as may be agreed to by the parties and approved by the court, without further notice to the class.

16. Any class member that has not filed a valid and timely notice for exclusion may appear at the fairness hearing in person or through counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness, and adequacy of the Settlement; provided, however, that no person shall be heard, and no papers or briefs submitted by or on behalf of any such person shall be considered by the Court, unless that person has complied with the provisions of paragraph 8 of this order.

17. Within sixty days after this order is issued, the parties shall file a motion for final approval of the Settlement.

**SO ORDERED.**

Date: December 23, 2013

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge